### J. M. Brownson et al. v. T. S. Smith, Attorney-General.

#### No. 900. Decided June 18, 1900.

**1. Attorney-General—Certification of Bonds—School District.**

Articles 918a-918g of the Revised Statutes, providing for certification by the Attorney-General of bonds issued by counties, cities, and towns, have no application to bonds issued by the Victoria Independent School District, incorporated and authorized to issue bonds by special law, and as to these such officer has no duty to perform. (P. 614.)

**2. Mandamus—Practice.**

The Supreme Court will not, upon an application for mandamus to require approval by the Attorney-General of bonds as to which no duty is imposed upon him, pass on the constitutionality of the law under which such bonds were issued. (Pp. 614, 615.)

ORIGINAL APPLICATION for writ of mandamus to require respondent to approve and certify the bonds issued by an independent school district.

*T. W. Gregory,* for relators.

*T. S. Smith,* Attorney-General, in pro. per., and *T. S. Johnson,* Assistant, for respondent.

WILLIAMS, ASSOCIATE JUSTICE.—This is an original application in this court for a mandamus to compel the respondent, as Attorney-General, to certify, in accordance with articles 918a-918g, Revised Statutes, bonds of the Victoria independent school district, of which the applicants are the trustees. Respondent has refused to give the certificate on the ground that, in his opinion, the special act of the Legislature creating this school district is unconstitutional and its bonds are therefore unauthorized and void. Gen. Laws 26th Leg. (1899), p. 151, et seq. The chief purpose of the proceeding is to secure a decision of this court upon the question of law thus raised and to relieve the community whose interests are involved of the embarrassments arising from the uncertainty which surrounds its school system. However important it may be to have these questions set at rest, this court can not with any propriety undertake the decision of them until a controversy shall be presented in which they are properly involved.

It is obvious that if there is no duty on the part of respondent to act upon the bonds, even if the statute is constitutional and the bonds valid, the writ must be refused without reference to the question of constitutionality and validity. The only statute imposing upon the Attorney-General the duty of examining and certifying bonds is that before referred to, and its provisions relate only to the bonds of counties, cities, and towns issued through the action of the commissioners court, the city council, or board of aldermen. The Victoria independent school district, as constituted by the special act of the Legislature, is neither a county, city, or town. The town of Victoria is incorporated under the general law and is included in the district, but the latter embraces territory outside of the corporate limits and is under the independent management of a board of trustees constituted for that purpose alone. If it has a legal existence, it is a corporation distinct from and independent of the municipal corporation. Power is given to the board of trustees to issue, negotiate, and deliver bonds of the district without other restrictions than those specified in the act, and without provision for submitting them to the Attorney-General. This district is, in some material respects, different from those constituted by the incorporation of towns and villages for school purposes only under general laws authorizing such action. Rev. Stats., art. 616a-617; 3994-4003, Acts 1897, p. 45. Whether or not bonds issued by districts of the latter kind are subject to the provisions of article 918d is a different question.

It is obvious to our minds, from a comparison of the provisions of the article last mentioned with those of the act creating this district, that the former have no application to the bonds in question, and that no duty with reference to them is imposed by either law upon the respondent. We are urged to pass upon the constitutionality of the special act notwithstanding our conclusion that his duty to perform the act which it is sought to compel him to perform does not depend upon the question of constitutionality. Anything we might say upon a question not involved in the case would be a mere dictum without the force of a decision. The proposition that courts should confine their decisions to the determination of questions necessary to the disposition of controversies involving the rights of parties before them has especial force in deterring them from passing upon the validity of acts of co-ordinate branches of the government until it becomes necessary to the enforcement of rights of litigants. Cooley's Const. Lim., 196. Whether or not the Attorney-General is subject to the writ of mandamus to compel him to make the certificate provided by article 918d in cases to which it applies, after he has passed upon the bonds and held them to be invalid, is another question which does not arise here.

*Writ refused.*